**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

CLAUDE OLIVER ONLEY                                                                                PLAINTIFF

V.                                              1:09CV00055 WRW

CHANEY TAYLOR *et al.*                                                                          DEFENDANTS

## ORDER

Plaintiff, currently held at the Independence County Detention Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on October 27, 2009, naming as Defendants Judge Chaney Taylor of Independence County, and Warren Wade, an Independence County probation officer.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

1

on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, Chaney sentenced him to jail time and a fine in October of 2009, when he had previously served a sentence for the offense at issue. Chaney imposed the sentence after consultation with Wade. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint must be dismissed.

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, imposing a sentence is clearly a judicial act, and Chaney is entitled to judicial immunity.

Plaintiff appears to attempt to hold Wade liable for Chaney's sentence. There is no evidence that Wade had any authority to impose a sentence, or to overrule Chaney's decision. To the extent that Plaintiff may be attempting to hold Wade liable for preparing a report which was considered by Chaney, the Court notes that Wade enjoys absolute immunity for his role in making such a report, because such activities are intimately associated with the judicial process. *See Pryor-Kendrick v. Keith*, Case No. 5:06CV5195, 2006 WL 3697927 at *3 (W.D. Ark. Dec. 14, 2006)(slip op.)(probation officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process).

Even if the Defendants were not immune, Plaintiff has failed to state a claim upon which relief may be granted. For relief, Plaintiff seeks an order reprimanding Defendants, for his release from confinement, and for monetary damages for each day he has been confined. A reprimand is inappropriate, and Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. Furthermore, any judgment in Plaintiff's favor would imply the invalidity of his current confinement. *See also Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a defendant must fully exhaust all available state remedies before commencing a federal *habeas* action); *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (if judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*). Accordingly, Plaintiff's complaint must be dismissed.[1]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. All pending motions are DENIED AS MOOT.

3. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] The Court notes that Plaintiff has made some references to the conditions of the Independence County Detention Facility, but those conditions are not the focus of Plaintiff's complaint. Claims regarding the conditions of a jail may be actionable, but there is no indication that any Defendant in this matter is responsible for the conditions, and nothing in this order should be construed as being a determination of the merits of such a claim.

DATED this 25th day of November, 2009.

                                                /s/Wm. R. Wilson, Jr.
                                         UNITED STATES DISTRICT JUDGE